**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| ACUITY, a Wisconsin mutual insurance company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:24-cv-398-PPS-AZ |
| LOAD N GRO EXPRESS, LLC, MARLAND TIRREL BARNER, and UNITED STATES STEEL CORP., | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Acuity's Motion to Strike Load N Go Express's Affirmative Defenses [DE 15], Defendant Load N Go Express's Motion to Strike [DE 18], and Defendant Load N Go Express's Motion for Leave to File Amended Answer [DE 21] which Plaintiff has opposed. In other words, Plaintiff has moved to strike several of one Defendant's affirmative defenses; that Defendant in turn has moved to strike Plaintiff's motion to strike on technical grounds and simultaneously sought leave to amend its defenses which would, if granted, moot Plaintiff's original motion to strike. But Plaintiff has not acquiesced in its response to the motion for leave to amend or withdrawn its motion to strike; it argues that the proposed amended defenses fare no better and should not be allowed. As discussed below, the Court largely agrees with Acuity regarding the sufficiency of several of Load N Go's asserted affirmative defenses and will strike some of the asserted defenses and deny leave to amend the same. Others will be allowed to stand.

## Background

This is a declaratory judgment action brought by an insurance company against three defendants. Plaintiff Acuity seeks a declaration that "it does not owe Load N Go … a duty of defense or indemnity under a policy of insurance that Acuity issued to Load N Go with respect to a lawsuit filed" by US Steel. DE 1 at ¶ 1. The underlying litigation alleges that Load N Go, Marland Tirrel Barner (an employee of Load N Go), and others stole more than $5 million worth of scrap metal over a two-year period from US Steel. *Id.* at ¶ 8. Acuity says it has no duty to defend or indemnity Load N Go or its employee Barner under the relevant insurance policies for three key reasons: (1) the scrap metal at issue was stolen and thus does not "qualify as 'property damage' as required to trigger coverage"; (2) "the exclusions for property in [Load N Go's] care, custody, or control apply to negate any potential for coverage"; and (3) there is an express exclusion for any "dishonest or illegal act." DE 1 at ¶ 19(a)-(c).

The issue presently before the Court is Load N Go's asserted defenses to the declaratory judgment action. In its responsive pleading, Load N Go asserted nine separate affirmative defenses. DE 10 at 9-10. Acuity moved to strike all nine arguing they all were conclusory, devoid of supporting facts, or otherwise improper. DE 15 at 3. Load N Go has responded threefold. It moved to strike the motion to strike, it responded to the motion to strike, and simultaneously moved to amend its answer to rework its asserted affirmative defenses. All three pending motions are now ripe for resolution.

## Discussion

Before addressing the substance of Load N Go's proffered affirmative defenses, the Court must address the somewhat tangled web these motions have created for the Court to wade through. As discussed below, the Court will deny Load N Go's motion to strike Acuity's motion to strike because Load N Go's motion relies on a misunderstanding of the applicable Local Rules. The Court will then consider Acuity's motion to strike and simultaneously evaluate Load N Go's motion to amend its answer, taking into account any pertinent arguments raised by Acuity in its original motion to strike that may be relevant to the newly proposed affirmative defenses offered by Load N Go. Considering the motions in tandem is appropriate both for efficiency's sake and because the inquiry for a motion to strike affirmative defenses and alleged futility of an amended answer both ask whether the affirmative defenses would withstand a Rule 12(b)(6) motion to dismiss. *Compare Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022) ("[W]hen the basis for denial is futility, we apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim.") *with Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2018) (stating that for an affirmative defense to survive a motion to strike "it must withstand a Rule 12(b)(6) challenge").

## A.     Load N Go's Motion to Strike Acuity's Motion to Strike

In moving to strike Acuity's motion to strike, Load N Go argues that Acuity failed to comply with Local Rule 7-1(b) of the Northern District of Indiana because it filed a motion and supporting brief as a single document. DE 19 at 1-2. This hyper-

technical argument lacks merit. Local Rule 7-1(b) states that "[p]arties must file a supporting brief" with any motion made pursuant to Rule 12 of the Federal Rules of Civil Procedure. By its plain text it does not require that parties file a brief or memorandum *separate* from the motion on the docket. Load N Go has cited no case where this Court has granted a motion to strike on this basis. Nor is the Court aware of any.

Perhaps it is the text of Local Rule 7-1(a) that has confused Load N Go. That rule states that "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption." N.D. Ind. L.R. 7-1(a). But that does not mean a motion and its supporting brief must be filed as separate documents. In any event, and for the avoidance of doubt, parties may file a single combined document that contains both the motion and supporting brief without violating the Local Rules. Load N Go's motion to strike will therefore be denied.

**B.     Load N Go's Motion for Leave to File Amended Affirmative Defenses**

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). Motions to strike are generally disfavored because they often consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294

(7th Cir. 1989) (citation omitted). But "where...motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id.*

"An affirmative defense must satisfy three criteria to survive a motion to strike under Rule 12(f): (1) it must be properly pleaded as an affirmative defense; (2) it must be adequately pleaded under Rules 8 and 9; and (3) it must withstand a Rule 12(b)(6) challenge." *Raquet*, 348 F. Supp. 3d at 781. "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Do It Best Corp. v. Heinen Hardware, LLC*, 2013 WL 3421924, at *2 (N.D. Ind. July 8, 2013) (citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir. 1992)).

"An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case." *Tober v. Graco Child.'s Prods., Inc.*, 431 F.3d 572, 579 n.9 (7th Cir. 2005). That is what distinguishes an *affirmative* defense from a denial or other means of controverting a claim. *See id.* A helpful starting point to determine what is or is not an affirmative defense is Rule 8(c)(1) which contains a non-exhaustive list of affirmative defenses that "must" be included in a pleading to avoid waiver. Fed. R. Civ. P. 8(c)(1). Those are: "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." *Id.* Affirmative defenses must be set forth in a "short and plain statement," *see* Fed. R. Civ. P. 8(a), and include facts supporting "all material elements" of the affirmative defense asserted. *MAN Roland v. Quantum Color Corp.,* 57 F. Supp. 2d 576, 578 (N.D.

Ill. 1999). "Defendants cannot simply recite a laundry list of Rule 8(c)(1) affirmative defenses without indicating in any way how they may be tied to the facts of this case." *Pietrzycki v. Heights Tower Serv., Inc.*, 2015 WL 688510, at *3 (N.D. Ill. Feb. 17, 2015).

Acuity argues (and the Court generally agrees) that Load N Go's asserted defenses—both in its original pleading and proposed amendment—are not true affirmative defenses or are otherwise improper because they are not sufficiently supported. The Court will address each in turn.

1. Failure to State a Claim

Load N Go pleads that "Plaintiff's Complaint fails to state a claim upon which relief can be granted to it because the coverage terms of the Policy require the provision of defense and indemnity and none of the applicable exclusions cited by the Plaintiff bar the applicability of coverage. The Acuity Policy provides that defense and indemnity will be provided thereunder for the allegations of the type in [the underlying litigation brought by US Steel." DE 21-1 (Proposed Am. Answer) at 9-10.

However, "failure to state a claim is not a proper affirmative defense." *Dace v. Chicago Pub. Sch.*, 2020 WL 1861671, at *3 (N.D. Ill. Mar. 18, 2020). That is because it does not "limit or excuse Defendant's 'liability even if the plaintiff[s] establish a *prima facie* case.'" *Id.* (quoting *Tober*, 431 F.3d at 579 n.9). Furthermore, given that this is a declaratory judgment concerning the construction of an insurance policy and Load N Go has filed a counterclaim that mirrors Acuity's claim (alleging that there *is* coverage), it is curious why Load N Go would assert there is a failure to state a claim.

6

Accordingly, this defense is stricken and leave to assert Load N Go's proposed first affirmative defense will be denied.

### 2.  Laches, Waiver and Estoppel

Load N Go's second affirmative defense asserts a combination of laches, waiver and estoppel. These are proper affirmative defenses listed in Rules. *See* Fed. R. Civ. P. 8(c)(1). Nevertheless, Acuity says that they should be stricken because Load N Go fails to allege sufficient supporting facts in support of these affirmative defenses. Load N Go couches its supporting allegations as being based "[o]n information and belief" that "Plaintiff delayed in asserting its claim," that Acuity "*may* be estopped" and Acuity's actions "*may* be considered a waiver" if it did indeed fail to timely assert its rights. DE 21-1 at 10. These are far from detailed allegations, but in the Court's opinion, they clear the minimal threshold of federal notice pleading because they assert an unreasonable delay, reliance, and prejudice. Rather than deny these affirmative defenses and require Load N Go to tighten up the language, Load N Go will be allowed to assert these defenses as written and pursue them in discovery.

### 3.  Unclean Hands

Load N Go's third affirmative defense is that "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." DE 21-1 at 10. While not listed in Rule 8(c)(1), unclean hands is a commonly pleaded affirmative defense. *See, e.g.*, *Hay Grp., Inc. v. Bassick*, 571 F. Supp. 2d 845, 850 (N.D. Ill. 2008). Load N Go alleges that "Plaintiff acted in such a manner so as to lead Load N Go to believe that coverage existed under the Policy, rendering its present assertion of a lack of coverage barred

by the equitable doctrine of unclean hands." DE 21-1 at 10. Courts have ruled that merely pursing a lawsuit is insufficient as a matter of law to constitute unclean hands. *E.g.*, *Est. of Darger v. Lerner*, 2023 WL 5277886, at *2 (N.D. Ill. Aug. 16, 2023) ("The reason the pursuit of a lawsuit itself cannot be the basis for an unclean hands defense is that it does not relate to the underlying subject matter of the lawsuit.") (collecting cases). But elsewhere in its proposed amended answer, Load N Go alleges other facts which could support an unclean hands defense. It alleges that Acuity failed to conduct a reasonable investigation of the allegations in the underlying US Steel lawsuit prior to asserting there was no coverage under the policy. *See* DE 21-1 at 11. Even though Load N Go fails to spell out specific actions Acuity took to allegedly lead Load N Go to believe coverage existed, the allegations imply bad conduct more than merely filing the lawsuit. Load N Go will be allowed to plead this affirmative defense and pursue discovery on it.

4. "Ambiguous or Inapplicable Exclusion"

Load N Go alleges that "Plaintiff's claims are barred due to the ambiguous or inapplicable exclusions in the policy language." DE 21-1 at 10. This defense is a plausible basis by which Load N Go may prevail in this declaratory judgment lawsuit. But again, like with failure to state a claim, it is not an *affirmative* defense that would defeat a prima facie claim. *Dace,* 2020 WL 1861671, at *3. Instead, it is simply an assertion that Acuity cannot meet its burden to establish that it is entitled to a declaratory judgment for lack of coverage. This defense will be stricken and leave to amend to include it in Load N Go's amended answer will be denied.

5. "Bad Faith or Breach on Plaintiff's Part"

As discussed above with regard to Load N Go's unclean hands affirmative defense, Load N Go's fifth affirmative defense is that Acuity acted in bad faith and failed to adequately investigate the underlying US Steel litigation before asserting there was no coverage. Although this is repetitive of Load N Go's unclean hands defense, it is a plausible basis by which Load N Go could prevail in this lawsuit even if Acuity otherwise manages to establish it is prima facie entitled to relief. Therefore, the motion to strike as to bad faith will be denied.

6. Failure to Allege a Lack of Substantial Performance

The Court is confused by Load N Go's sixth affirmative defense. Load N Go asserts that Acuity "has failed to allege facts demonstrating a lack of substantial performance by [Load N Go], and has waived its rights under the Policy of Insurance by its actions and course of conduct." But Acuity need not plead a lack of substantial performance to succeed, as Acuity is not alleging a breach of contract by Load N Go. Acuity's claim is that the terms of the relevant insurance policy exclude from coverage the events for which Load N Go is seeking coverage. That is different in kind. This affirmative defense will be stricken and leave to amend the answer to replead it will be denied.

7. Statute of Limitations

Load N Go's seventh affirmative defense is that Acuity's claim is barred by statute of limitations. Statute of limitations is a textbook affirmative defense, and it is listed in Fed. R. Civ. P. 8(c)(1). But Load N Go has not identified the applicable

9

statute of limitations or made any allegation that Acuity failed to seek to deny coverage within the period between when Load N Go sought coverage (which would trigger the dispute) and the filing of this lawsuit. Merely asserting the words "statute of limitations" is not enough to pursue this defense. *See MAN Roland,* 57 F. Supp. 2d at 578); *Pietrzycki,* 2015 WL 688510, at *3. The Court will strike this affirmative defense but without prejudice. If discovery reveals facts which support a statute of limitations affirmative defense, Load N Go may seek leave to amend, re-assert the defense, and pursue it at summary judgment or trial.

8.   Conditions Precedent

Load N Go's eighth affirmative defense is for failure to satisfy conditions precedent. DE 21-1 at 12. This could be a potential affirmative defense that could theoretically defeat Acuity's claim. The problem is, Load N Go has failed to spell out any conditions precedent that Acuity has failed to meet Instead, it posits a hypothetical without any supporting facts. *Id.* ("To the extent the Plaintiff has failed to comply with all conditions precedent, prior to filing suit, said conditions are pleaded as a bar to this action. Such conditions precedent include undertaking a good faith, thorough examination of the underlying complaint for which coverage is requested."). At best, this appears to apply new label to Load N Go's bad faith and unclean hands defenses. That is insufficient. This defense will be stricken and leave to amend will be denied.

9. Reservation of Rights

Load N Go's ninth and final "affirmative defense" of a reservation of rights to assert additional affirmative defenses is a non-starter. "[R]eserving the right to add additional affirmative defenses is not a proper affirmative defense." *Do It Best*, 2013 WL 3421924, at *3. "[I]f [Load N Go] later believe[s] that adding another affirmative defense is warranted, they may seek leave to amend their pleadings under Federal Rule of Civil Procedure 15(a)." *Id.* Load N Go does not need to reserve rights it already has under the Federal Rules of Civil Procedure. This affirmative defense will be stricken and leave to assert it in Load N Go's amended answer will be denied.

In sum, the Court understands Load N Go's motivation to plead as it has. No party wants to waive a potentially meritorious defense. But at this stage of the litigation, there is no benefit of engaging in an everything-but-the-kitchen-sink strategy. It merely confuses the issues in what appears to be a straightforward question of contract interpretation. If discovery reveals more facts that require amending the pleadings, Rule 15(a) is there to allow other defenses or allegations to be added to the lawsuit.

Finally, the parties are advised that needlessly expending their clients' and the Court's resources on unnecessary motions is inefficient, and the Court discourages this practice going forward. *See Dace*, 2020 WL 1861671, at *2 ("Before filing a motion to strike a factually insufficient affirmative defense, the Court encourages plaintiffs to carefully consider whether they can more efficiently obtain

the factual basis for a defense through discovery and then, if necessary, seek summary judgment on any defense that lacks factual support.").

## Conclusion

For the reasons discussed, Plaintiff Acuity's Motion to Strike Load N Go Express's Affirmative Defenses [DE 15] is **GRANTED in part**, Defendant Load N Go Express's Motion to Strike [DE 18] is **DENIED**, and Defendant Load N Go Express's Motion for Leave to File Amended Answer [DE 21] is **GRANTED in part**. Defendant Load N Go is **ORDERED** to file an amended pleading that complies with this Opinion and Order by April 21, 2025. If discovery reveals facts which support any of the stricken affirmative defenses or other applicable affirmative defenses, Load N Go may file a motion for leave to amend pursuant to Rule 15.

So ORDERED this 14th day of April 2025.

/s/ Abizer Zanzi
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT